# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-40337
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilbert Sandoval,

*Defendant—Appellant*.

―――――――――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CR-346-1

―――――――――――――――――――――――――――

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Gilbert Sandoval entered a conditional guilty plea to possessing with the intent to distribute Alprazolam and possessing a firearm in furtherance of a drug trafficking crime. He reserved his right to appeal the district court's denial of his motion to suppress the evidence recovered following a traffic stop of his vehicle, which occurred after a 911 caller reported a domestic

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

disturbance in progress at the caller's home. On appeal, Sandoval argues that the traffic stop was not justified at its inception because officers lacked reasonable suspicion to conduct the stop. We pretermit a full discussion of the applicable standard of review because we conclude that Sandoval's arguments fail even under the more lenient standard. *See United States v. Haggerty*, 997 F.3d 292, 297 (5th Cir. 2021).

Sandoval's reliance on *United States v. Jaquez*, 421 F.3d 338 (5th Cir. 2005), is misplaced, as the tip here was not so generic to preclude a finding of reasonable suspicion, namely because it contained a precise location of the vehicle at issue, the direction that vehicle was headed, and information regarding its occupant. We also conclude that the citizen-informant here was credible and reliable, the officers corroborated the tip through their own observations, and the officers conducted the stop quickly after the 911 call. *See United States v. Gomez*, 623 F.3d 265, 269 (5th Cir. 2010).

Further, Sandoval's contention that the officers had no reasonable grounds to suspect him of engaging in criminal activity at the time of the stop is also unpersuasive. The district court's finding that the officers were responding to a domestic altercation is not clearly erroneous in light of the record. *See United States v. Roper*, 63 F.4th 473, 475-76 (5th Cir. 2023). In addition, for a brief investigatory stop of a vehicle, "the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks and citation omitted). Here, the district court properly accounted for the totality of the circumstances—including the facts known to the officers regarding the prior shooting at the 911 caller's home—when determining whether Sandoval's conduct on August 15, 2021, gave rise to reasonable suspicion. *See United States v. Alvarez*, 40 F.4th 339, 345 (5th Cir. 2022). We are unpersuaded by Sandoval's argument that, because he was stopped shortly after the 911 call

No. 23-40337

nearby the caller's house, rather than at her house, officers no longer had reasonable suspicion to investigate the reported domestic altercation. *See Gomez*, 623 F.3d at 267-69. In sum, the district court's conclusion that the stop was constitutional is reasonable based on the record. *See Arvizu*, 534 U.S. at 273; *United States v. Ibarra-Sanchez*, 199 F.3d 753, 759 (5th Cir. 1999); *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005).

We AFFIRM the judgment of the district court.